**In re Carlyn Lesley JEHLE, Debtor.**

**Bankruptcy No. 8500298.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 6, 1986.

Louis M. Cioci, Johnston, R.I., pro se.

Russel D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

## FINDINGS AND CONCLUSIONS, AND ORDER ALLOWING CLAIM OF LOUIS M. CIOCI, ESQ.

ARTHUR N. VOTOLATO, JR., Bankruptcy Judge.

Heard on April 23, 1986 on the debtor's objection to the claim of Louis M. Cioci, Esq.

On June 27, 1985, Mr. Cioci filed a proof of claim in the amount of $1,700, the balance allegedly owed to him by the debtor for legal services performed for her in connection with divorce proceedings prior to the bankruptcy. The debtor objects to Mr. Cioci's claim, arguing that it was "based upon a request for attorneys' fees which was not agreed to by the debtor, either expressly or by implication."

After considering the testimony and Exhibits, and with credibility questions as to all material issues of fact having been resolved in favor of the claimant, and against the debtor, the following findings and conclusions are made, pursuant to Bankruptcy Rule 7052 and Fed.R.Civ.P. 52:

1. In September 1982 Carlyn Jehle hired Cioci to represent her in divorce proceedings in the Kent County Family Court. The parties did not enter into a written fee agreement at that time, or at any time subsequent thereto.

2. When Cioci was first engaged, Jehle paid him a $1,000 retainer and agreed to pay for subsequent services after a property settlement agreement was reached, and which was expected to set the amount her former husband would pay toward her attorney's fees. She also agreed to reimburse Mr. Cioci for costs. Mr. Cioci testified that that type of fee arrangement was common in his experience in domestic relations matters.

3. In June, 1984 after several days of contested Family Court proceedings, Mrs. Jehle and her former husband agreed to a property settlement which, inter alia, provided that Mr. Jehle would

pay Cioci $8,000 on behalf of Mrs. Jehle's obligation for counsel fees.

4. On the same date, Mrs. Jehle also agreed to pay Cioci $2,500, as her share of Cioci's fee.

5. On June 13, 1984 Mrs. Jehle was billed for $774 in costs, and on this account she paid $312 on June 27, 1984. On August 6, 1984, she was also billed for the agreed upon fee of $2,500, and for an additional $50 in costs on September 12, 1984. *See* Exhibits 1, 2.

6. On November 5, 1984, Mrs. Jehle was billed for: (1) the agreed fee of $2,500 (2) $462 in costs remaining unpaid on the June 13 bill, and (3) $50 in costs still unpaid on the September 12 bill, for a total balance of $3,012. *See* Exhibit 2.

7. In accordance with the terms of the property settlement agreement, on November 6, 1984 Cioci received a cashier's check to the order of Mrs. Jehle, in the amount of $36,170.03. *See* Exhibit 1.

8. Upon the debtor's representation to Cioci that she needed the entire $36,000 to pay bills, he turned over the check, without deducting his fee, based on Jehle's promise to pay the balance upon the sale of property acquired by her pursuant to the June 1984 property settlement agreement.

9. On November 23, 1984, Mrs. Jehle paid the claimant $312 toward costs, and $1,000 to be applied to the $2,500 due for attorneys' fees, leaving a balance of $1,700, the amount now in dispute. *See* Exhibit 1.

The debtor's contention that Cioci agreed, in September 1982, that he would charge her only the $1,000 retainer, and that he would look to Mr. Jehle for the balance of his fee, is not supported by the evidence. To the contrary, in June 1984, Jehle agreed to a fee of $2,500, in addition to the $1,000 retainer paid in September 1982. *See* Findings 2–4. In that regard, we find that the debtor did not question any of Mr. Cioci's bills, and that she never disputed the amount claimed until she filed the instant objection, in April 1986. That she paid $1,000 to Cioci in November 1984 contradicts her contention that she thought she was only obligated to the claimant for the original retainer. Mrs. Jehle's testimony that she paid $1,000 in November 1984, although not obligated to do so, because of harassing telephone calls from Mr. Cioci's office, is unconvincing. Similarly, we reject Jehle's argument that Cioci did not perform (satisfactorily, or at all) certain services for which she was billed.

Based on the credible testimony and the documentary evidence of record, we conclude that the debtor owes Cioci $1,700 for legal services he performed on her behalf from September 1982 to November 1984, in connection with her divorce proceedings. Accordingly, Cioci's proof of claim # 2 is allowed as filed.